IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOE HAND PROMOTIONS, INC.                                          PLAINTIFF

v.                                    Case No. 4:15-cv-4082

CLAUDE L. MOORE, individually and d/b/a
KING OF WINGS BAR & GRILL; and
MOORE FINANCIAL & INVESTMENT FIRM, LLC,
an Unknown Business Entity d/b/a KING OF WINGS
BAR & GRILL

                                                                   DEFENDANTS

## MEMORANDUM OPINION

Before the Court is Plaintiff's Motion for Summary Judgment.[1]  ECF No. 11.  Separate Defendant Claude L. Moore, individually and d/b/a King of Wings Bar & Grill has not filed a response, and the time for response has passed.  The Court finds this matter ripe for its consideration.

## I. BACKGROUND

This is a commercial piracy case arising out of the unlawful interception, receipt, exhibition, and/or publication of the following program which was telecast live on September 21, 2013, via closed-circuit television: *Ultimate Fighting Championship 165: Jon Jones v. Alexander Gustafsson Championship Fight* ("the Program").  Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") was granted the exclusive distribution rights to the Program.  After it obtained the distribution rights to the Program, Joe Hand entered into agreements with various commercial entities and granted them the right to publically exhibit the Program to their patrons.

---

[1]Plaintiff filed its Motion for Summary Judgment (ECF No. 11) against both Defendants in this case.  After Plaintiff filed its Motion for Summary Judgment , however, a Clerk's Entry of Default was entered against Separate Defendant Moore Financial & Investment Firm, LLC, an Unknown Business Entity d/b/a King of Wings Bar & Grill.  ECF No. 23.  Thus, the Court will address Plaintiff's Motion for Summary Judgment only as it relates to Separate Defendant Claude L. Moore, individually and d/b/a King of Wings Bar & Grill.

To combat illegal exhibition of the Program by commercial establishments who had not contracted with Plaintiff and paid the required fee, Joe Hand hired investigators to go to various establishments to catch them engaging in signal piracy. One such investigator, David Whitcome, went to King of Wings Bar & Grill on the evening of September 21, 2013. He observed the Program being displayed on four televisions of various sizes, including a 60" screen on the front wall. He estimated the total capacity of the establishment to be approximately eighty (80) patrons, and he counted between seven (7) to eleven (11) patrons while he was present.

Separate Defendant Claude L. Moore, individually and d/b/a King of Wings Bar & Grill ("Moore") did not have permission from Plaintiff to broadcast the Program and did not pay a commercial licensing fee to Plaintiff. The commercial fee to broadcast the Program for an establishment the size of King of Wings Bar & Grill was $950.00.

Joe Hand alleges that Moore violated 47 U.S.C. § 605 and that he wrongfully converted the Program for his own use and benefit.[2] Joe Hand asserts that the undisputed facts demonstrate that it is entitled to summary judgment on these claims.

## II. LEGAL STANDARD

A motion for summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank v.*

---

[2]In its Complaint, Joe Hand also alleges a violation of 47 U.S.C. § 553. Joe Hand, however, "requests that liability be found under 47 U.S.C. § 605." Thus, the Court will not address any alleged violation pursuant to 47 U.S.C. § 553.

*Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). A party opposing a properly supported motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *see also Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). To establish that a genuine issue of material fact exists, the nonmoving party must show that (1) there is a factual dispute, (2) the disputed fact is material to the outcome of the case, and (3) the dispute is genuine. *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 339, 401 (8th Cir. 1995). A dispute is genuine only if a reasonable jury could return a verdict for either party. *Id.*; *Anderson*, 477 U.S. at 248; *see also McLaughlin v. Esselte Pendaflex Corp.*, 50 F.3d 507, 510 (8th Cir. 1995).

The Court notes that Moore did not respond to Joe Hand's Motion for Summary Judgment. Under Local Rule 56.1, all material facts set forth by the statement of the moving party "shall be deemed admitted unless controverted" by the statement filed by the opposing party. As a result of Moore's failure to respond, he is deemed to have admitted the facts set forth in Joe Hand's Statement of Material Facts. ECF No. 13.

### III. DISCUSSION

Joe Hand alleges that Moore violated 47 U.S.C. § 605 and is liable to Joe Hand for conversion. Joe Hand further asserts that it is entitled to statutory damages and enhanced damages as permitted under 47 U.S.C. § 605.

A. Liability Pursuant to 47 U.S.C. § 605

The unauthorized interception of video programming from a satellite transmission is prohibited by 47 U.S.C. § 605. To prove a violation of § 605, a plaintiff need only show that "(1) the event or program was shown in the defendant's establishment and (2) plaintiff did not authorize

the exhibition of the event or program there." *Joe Hand Promotions, Inc. v. Shepard*, No. 4:12CV1728 SNLJ, 2015 WL 1976342, at *8 (E.D. Mo. April 30, 2015).

In the present case, the undisputed facts prove that the Program was shown via satellite television in Moore's commercial establishment, King of Wings Bar & Grill. ECF No. 13, ¶¶ 6, 10-11. Further, the undisputed facts prove that Joe Hand did not authorize the exhibition of the Program at King of Wings Bar & Grill. ECF No. 13, ¶¶ 7-8. This is all that is required to establish liability under 47 U.S.C. § 605.

Personal liability against Moore is appropriate in this case based upon the undisputed facts, which show that Moore had supervisory capacity and control over, and received a financial benefit from, the activities occurring within King of Wings Bar & Grill. *See J & J Sports Productions v. Diaz De Leon*, No. 2:11-CV-02051, 2012 WL 79877 (W.D. Ark. Jan. 11, 2012). Accordingly, the Court finds that summary judgment in favor of Joe Hand is appropriate regarding its claim made pursuant to 47 U.S.C. § 605.

B. Conversion

Plaintiff cannot recover damages for conversion. This Court agrees with those courts that hold recovery under 47 U.S.C. § 605 and a state law conversion claim would result in an impermissible double recovery for the same loss. *See, e.g., J & J Sports Prods., Inc. v. Main Hookah Lounge, LLC*, 2015 WL 6457300, at *6 (W.D. Mo. Oct. 26, 2015).

C. Damages

A claimant entitled to relief under § 605 may elect actual or statutory damages pursuant to 47 § 605(e)(3)(C)(I). Joe Hand has elected statutory damages, which range from a minimum of $1,000 to a maximum of $10,000 "as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II).

Enhanced damages of up to $100,000 are permitted, in the discretion of the Court, in cases where "the [C]ourt finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii).

The undisputed evidence in this case demonstrates that Moore violated 47 U.S.C. § 605. The cost to King of Wings Bar & Grill for the sublicensing agreement would have been $950.00. The Court finds that the amount Moore should have paid for a sublicensing agreement is the proper amount of statutory damages. *See J & J Sports Prods., Inc. v. Brewster "2" Café, LLC*, 2014 WL 4956501, at *5 (E.D. Ark. Oct. 2, 2014).

The facts also demonstrate that the violation was committed willfully and for the purposes of financial gain. The violation was willful because "intentional acts are required to pirate a closed-circuit broadcast; the unscrambled airwaves or cable transmission do not just happen." *J & J Sports Prods., Inc. v. Diaz De Leon*, 2012 WL 79877, at *3 (W.D. Ark. Jan. 11, 2012) (quoting *Joe Hand Promotions, Inc. v. Cat's Bar, Inc.*, 2009 WL 700125, at *3 (C.D. Ill. 2009)). Commercial advantage or financial gain can be reasonably inferred from the facts. Given that King of Wings Bar & Grill is a commercial establishment, it may be reasonably inferred that Moore's actions in airing the Program were for purposes of direct or indirect commercial advantage by drawing customers into the business. *See id.*

Because the Court has found that the violations were willful, Plaintiff is entitled to enhanced damages. The purpose of these enhanced damages is to punish violations and simultaneously deter future piracy. *Brewster "2" Café, LLC*, 2014 WL 4956501 at *5. Moore would have no incentive to cease the violation if the penalty were merely the amount that he should have paid for a sublicensing agreement. *See Entertainment by J & J, Inc. v. Al-Waha Enterprises, Inc.*, 219 F. Supp.

5

2d 769, 776 (S.D. Tex. 2002). In awarding enhanced damages, Courts generally award anywhere from three to six times the statutory damages award. *Joe Hand Productions, Inc. v. Feil*, 2013 WL 2936389 (D. Minn. June 14, 2013).

The Court finds that the appropriate amount of enhanced damages is three times the award of statutory damages, or $2,850.00. These damages are appropriate given that there is no evidence that King of Wings was filled to capacity, and Joe Hand has not shown that Moore has a history of showing pirated events. *See Brewster "2" Café*, LLC, 2014 WL 4956501 at *6. These damages are sufficient to deter future signal piracy, while not so harsh as to seriously impair the viability of Moore's business.

An award of attorney's fees and costs is mandatory where the Court finds a violation of the statute. 47 U.S.C. § 605(e)(3)(B). Joe Hand, however, has not offered any evidence of attorney's fees and costs. Thus Plaintiff must submit to the Court the proper documentation showing reasonable attorney's fees incurred in this action within fourteen (14) days of the entry of Judgment.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff Joe Hand Production, Inc.'s Motion for Summary Judgment (ECF No. 11) should be and hereby is **GRANTED**. Plaintiff is awarded damages in the amount of $3,800.00.[3] A separate Judgment will be entered.

**IT IS SO ORDERED**, this 23rd day of February, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[3]Plaintiff is awarded statutory damages in the amount of $950.00 and enhanced damages in the amount of $2,850.00.